# Baugh, Kennedy & Co. v. Ryan.

*Appeal from Refusal of Mandamus by Circuit Judge to Tax Assessor.*

*Exemption of factories, machinery, &c., from taxation.* — The act approved April 23, 1873, entitled " An act for the encouragement of mining, manufacturing, industrial, mechanical, and commercial pursuits within the State of Alabama " (Sess. Acts 1872-3, pp. 72-4), was intended to exempt from taxation, for the period therein prescribed, not factories, buildings, machinery, &c., already erected and in use, but such as were then in process of erection, and such as might be afterwards erected within the period specified; and the first section of

[Baugh *v.* Ryan.]

said act, which contains an evident mistake in the use of the words "*before erected and used*," must be read as if those words were omitted, or as if the word "*not*" were inserted before them.

APPEAL from an order made by Hon. WM. S. MUDD, the judge of the third judicial circuit, embracing the county of Tuskaloosa, refusing to grant a *mandamus*, at the instance of the petitioners and appellants, against W. J. Ryan, tax-assessor of said county. The transcript of the record has been lost. The opinion of the court seems to state all the material facts.

J. M. MARTIN, for appellants.

SOMERVILLE & McEACHIN, *contra.*

B. F. SAFFOLD, J. — The appellants, being manufacturers of cotton goods in Tuskaloosa county, applied to the judge of the third circuit, for a *mandamus* to the assessor of taxes for said county, to allow them the privilege conferred by an act of the legislature passed April 23, 1873, " For the encouragement of mining, manufacturing, industrial, mechanical, and commercial pursuits within the State of Alabama." It appeared from their application that their buildings, factories, works, and machinery, had been completed and in use since 1868. The judge refused the *mandamus.* The appeal is taken under an act of December 15, 1868, " To allow appeals to the supreme court in certain cases." Acts 1868, p. 410.

We decide the case by simply declaring the construction which shall be given to certain language contained in the first section of the act of 1873. That section, as far as it is necessary to quote it, reads as follows; " That for the purpose of encouraging, stimulating, and furthering the mineral, agricultural, and commercial resources of the State of Alabama, all buildings, factories, works, and machinery, in process of erection, before erected and used, from and after the first day of January, A. D. 1873, until the time mentioned in section 7 of this act for the expiration thereof, for the purpose and business of mining, manufacturing," &c. &c., " to the value of one hundred thousand dollars," &c. &c., " shall be, and the same are hereby, declared exempt from all taxation, whether state, county, or municipal, for the period of ten years from the time the same shall be erected and put in operation; which said period shall be completed from the date of the certificate hereinafter mentioned in this act," &c. The 7th section alluded to provides, that the certificate mentioned shall remain and be effectual for the space of ten years from the issuance thereof. It is to be issued by the secretary of state, on the sworn state-

ment of the person or persons, or corporation interested, filed in his office, setting forth the date of the completion of the buildings, factories, and works.

The claim of the appellants rests on the meaning of the words in the first section, " *before erected and used.*" These words, as they stand in the section, present a disjointed connection. By reference to the senate journal, an amendment of the bill is seen to have been made, by inserting between the words " machinery " and " erection " the words " in process of erection before and." It thus appears that a mistake has been made, though it is not plain what was the mistake. The evident purpose of the law was to encourage the investment of money in such pursuits, and also in ship-building. The present loss of revenue would be more than recovered after the expiration of ten years ; and if such works were not erected, the law would have no application. It was certainly not intended to exempt from taxation works already erected, and, perhaps, in use for more than ten years. The anxiety to increase the resources of the State is suggestive of some extreme necessity for so doing, lying in the prostration of the present industries of the State. It would have been in the highest degree inequitable to have cast what was considered a burden of taxation from any of the existing industries on to others equally depressed ; whereas, it was eminently proper to give a respite from taxation to new undertakings. We decide, that the act should be read as if the words " before erected and used," in the first section, were entirely omitted ; or as if the word " not " was inserted immediately before them. The sense would then be, that the privileges of the act would be conferred on " all buildings, factories, works, and machinery, in process of erection before and after the first day of January, A. D. 1873, until," &c.      The judgment is affirmed.